**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

PHILIP A. BONADONNA,     :

                          : Civil Action No.  12-5376(JBS)

        Petitioner,    :

                          :

        v.           : OPINION

                          :

DR. JOHN CHUNG, et al.,    :

                          :

        Respondents.   :

**APPEARANCES:**

**Philip Anthony Bonadonna**, Petitioner pro se
04722-016
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge**

Petitioner Philip Anthony Bonadonna ("Petitioner"), a
prisoner currently confined at the Federal Correctional
Institution at Fort Dix, New Jersey, has submitted a petition for
a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(1).[1]  The

---

[1] Section 2241 provides in relevant part:

  (a) Writs of habeas corpus may be granted by the Supreme
  Court, any justice thereof, the district courts and any
  circuit judge within their respective jurisdictions.

  (c) The writ of habeas corpus shall not extend to a
  prisoner unless-- (1) He is in custody under or by color
  of the authority of the United States, or ... (3) He is
  in custody in violation of the Constitution or laws or
  treaties of the United States ... .

respondents are Dr. John Chung, Dr. Abigail Lopez and Commander

Baker, members of the Fort Dix Health Services staff.

## I.   BACKGROUND

On July 14, 2011, Petitioner was diagnosed by Dr. Glick as

being in need of "revisionary surgery" for his right shoulder.

Thereafter, the Fort Dix Health Services denied said surgery for

Petitioner.  Petitioner alleges that he has been forced to endure

lengthy delays for treatment, despite his excruciating pain.

Petitioner requests that this Court grant his writ and direct the

Respondents to schedule him for a shoulder operation.

## II.   DISCUSSION

## A. Legal Standard

United States Code Title 28, Section 2243 provides in

relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall
> forthwith award the writ or issue an order
> directing the respondent to show cause why the
> writ should not be granted, unless it appears
> from the application that the applicant or
> person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than

more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399

U.S. 912 (1970).  Nevertheless, a federal district court can

dismiss a habeas corpus petition if it appears from the face of

the petition that the petitioner is not entitled to relief.  See

Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773

F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

See also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

This court lacks jurisdiction in habeas to hear Petitioner's

challenge to the Fort Dix Medical Services' denial of his

shoulder surgery.  Accordingly, the Petition will be dismissed

without prejudice for lack of jurisdiction.  Petitioner will be

granted leave to pursue his claims in a new, separate civil

rights action if he chooses to do so.

A habeas corpus petition is the proper mechanism for a

prisoner to challenge the "fact or duration" of his confinement,

Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including

challenges to prison disciplinary proceedings that affect the

length of confinement, such as deprivation of good time credits,

Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok,

520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct.

1242 (2005).  In addition, where a prisoner seeks a "quantum

change" in the level of custody, for example, where a prisoner

claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy."  Woodall, 432 F.3d at 237.  To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir.

2002).   See also Ganim v. Federal Bureau of Prisons, 235
Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to
garden-variety transfer not cognizable in habeas); Castillo v.
FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir.
2007) (habeas is proper vehicle to challenge disciplinary
proceeding resulting in loss of good-time credits, but claims
regarding sanctioned loss of phone and visitation privileges not
cognizable in habeas).

Here, Petitioner's challenge to the denial of shoulder
surgery, is the type of challenge to conditions of confinement
that must be brought by way of a civil rights action or action
for declaratory and injunctive relief.

Because Petitioner has not prepaid the $350.00 filing fee,
and because of the consequences that flow from a grant of leave
to proceed in forma pauperis in a civil rights action or from the
dismissal of a civil rights action, this Court will not construe
this matter as a civil rights complaint.   See 28 U.S.C.
§ 1915(g).   Instead, this Petition will be dismissed without
prejudice to Mr. Bonadonna's right to file a new civil action
challenging conditions of confinement as to denial of medical
care.   If he chooses to proceed in a new civil rights action, he
must submit a new Complaint and his filing fee of $350 or an
application to proceed in forma pauperis without prepayment of
the fee.

This Court expresses no opinion as to the merits of Petitioner's claim, if any.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

Dated:  **September 19, 2012**

 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge