**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

PHILIP A. BONADONNA,           :
                               : Civil Action No. 12-5376(JBS)
          Petitioner,          :
                               :
     v.                        : OPINION
                               :
DR. JOHN CHUNG, et al.,        :
                               :
          Respondents.         :


**APPEARANCES:**

**Philip Anthony Bonadonna**, Petitioner pro se
04722-016
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge**

Petitioner Philip Anthony Bonadonna ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(1).[1]  The

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

(c) The writ of habeas corpus shall not extend to a prisoner unless-- (1) He is in custody under or by color of the authority of the United States, or ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

respondents are Dr. John Chung, Dr. Abigail Lopez and Commander Baker, members of the Fort Dix Health Services staff.

## I.  BACKGROUND

On July 14, 2011, Petitioner was diagnosed by Dr. Glick as being in need of "revisionary surgery" for his right shoulder. Thereafter, the Fort Dix Health Services denied said surgery for Petitioner.  Petitioner alleges that he has been forced to endure lengthy delays for treatment, despite his excruciating pain. Petitioner requests that this Court grant his writ and direct the Respondents to schedule him for a shoulder operation.

## II.  DISCUSSION

### A. Legal Standard

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

   This court lacks jurisdiction in habeas to hear Petitioner's challenge to the Fort Dix Medical Services' denial of his shoulder surgery.  Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction.  Petitioner will be granted leave to pursue his claims in a new, separate civil rights action if he chooses to do so.

   A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner

3

claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy."  Woodall, 432 F.3d at 237.  To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir.

4

2002).  See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's challenge to the denial of shoulder surgery, is the type of challenge to conditions of confinement that must be brought by way of a civil rights action or action for declaratory and injunctive relief.

Because Petitioner has not prepaid the $350.00 filing fee, and because of the consequences that flow from a grant of leave to proceed in forma pauperis in a civil rights action or from the dismissal of a civil rights action, this Court will not construe this matter as a civil rights complaint.  See 28 U.S.C. § 1915(g).  Instead, this Petition will be dismissed without prejudice to Mr. Bonadonna's right to file a new civil action challenging conditions of confinement as to denial of medical care.  If he chooses to proceed in a new civil rights action, he must submit a new Complaint and his filing fee of $350 or an application to proceed in forma pauperis without prepayment of the fee.

5

This Court expresses no opinion as to the merits of Petitioner's claim, if any.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

Dated:  **September 19, 2012**

                                       <u>s/ Jerome B. Simandle</u>
                                       JEROME B. SIMANDLE
                                       United States District Judge